IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In Re: Weirton Medical Center Data Breach Litigation | Civil No. 5:24-cv-61<br><br>Judge Thomas S. Kleeh |

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, SERVICE AWARDS AND JUDGMENT ENTRY

These matters come before the court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorney's Fees, Expenses, and Service Awards. The court heard these matters on November 3, 2025. Based on the record presented, and for the reasons stated at the hearing, the court **GRANTS** the motions [ECF Nos. 45, 47] and finds as follows:

On July 8, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 44) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs as the Class Representatives and appointed Philip J. Krzeski of Chestnut Cambronne PA as Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Settlement Administrator; and (g) set the date for the Final Fairness Hearing.

Pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed

1

Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing.

On November 3, 2025, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Awards to the Class Representatives.

The Court is not required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement. However, the court is required under Rule 23(e) of the Federal Rules of Civil Procedure to make the findings and conclusions set forth herein for the limited purpose of determining whether the settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.

The court has granted to all persons who have so requested the opportunity to be heard in accordance with the Preliminary Approval Order, heard the presentation of Class Counsel and counsel for Defendant, reviewed all of the submissions presented with respect to the proposed Settlement Agreement, determined that the Settlement Agreement is fair, adequate, and reasonable,

considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for Service Awards to the Representative Plaintiffs, and reviewed the materials in support thereof. Being fully apprised, the court **ORDERS**:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Class Action Complaints against Defendant for failure to implement or maintain adequate data security measures and safeguards to protect Private Information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons residing in the United States who were sent a Notice Letter that their Private Information was potentially accessed or compromised in the Data Incident.

Specifically excluded from the Settlement Class are:

> (a) Defendant's officers and directors; (b) any entity in which Defendant has a controlling interest; and (c) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Also excluded from the Settlement

Class are members of the judiciary to whom this case is assigned, their immediate family members, and members of their staff.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

   a. Claims Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by Settlement Administrator.

   b. Defendant to pay all costs of Claims Administration from the Settlement Fund, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

   c. Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Awards to the Class Representative from the Settlement Fund.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary

Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.  The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Awards payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.  The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out deadline, only one potential Settlement Class Member has provided a valid request to be excluded from the Settlement. This Order, therefore, does not affect the rights of potential Settlement Class Member Robert Destefano. The Settlement Administrator

also received an Opt-Out request from potential Settlement Class Member Judith Dines, who shall have thirty days from the date of this Order to cure deficiencies in her request in order to be excluded from the Settlement.

12.    No objections were filed by Settlement Class Members.

13.    All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14.    The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Fairness Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15.    The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

16.    Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

17.    Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18.    Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights,

claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to (a) the Data Incident; (b) all other claims arising out of the Data Incident that were asserted, or that could have been asserted, in the Action.

19.     The Court grants final approval to the appointment of Plaintiffs as Class Representatives. The Court concludes that Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

20.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representatives in the amount of $2,500 each as Service Awards. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

21.     The Court grants final approval to the appointment of appointed Philip J. Krzeski of Chestnut Cambronne PA as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

22.     The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $300,000, inclusive of all reasonable costs and expenses. Payment shall be made pursuant to the terms of the Settlement Agreement.

23.     This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of

any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

24. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be

treated as vacated *nunc pro tunc,* and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

25. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 382 (1994) and the parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

26. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

27. The motion to dismiss [ECF No. 28] shall be **TERMINATED**.

28. This Order resolves all claims against all Parties in this action and is a final order.

29. The action is **DISMISSED** with prejudice. The Clerk of Court **SHALL** close the case.

SO ORDERED this 6th day of November, 2025

_____
**Judge Thomas S. Kleeh**
**Chief United States District Judge**